# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GERALD S. OSTIPOW; et al,

Plaintiffs;

v.

WILLIAM L. FEDERSPIEL, et al,

Defendants.

Case No. 2016-CV-13062

Hon. Mark A. Goldsmith

Mag. Judge David R. Grand

Mr. Philip L. Ellison (P74117)
P.O. Box 107
Hemlock, Michigan 48626
Phone: (989) 642-0055
Fax: (888) 398-7003
Email: pellison@olcplc.com

Co-Counsel for Plaintiffs

Mr. Matthew E. Gronda (P73693)
4855 State Street, Suite 6A
Saginaw, Michigan 48603
Phone: (989) 249-0350
Fax: (866) 233-2630
Email: matthewgronda@gmail.com

Co-Counsel for Plaintiffs

# NOTICE OF A CONSTITUTIONAL CHALLENGE TO STATE STATUTE

A state attorney general must be given notice when the constitutionality of a state statute is "questioned" in a federal proceeding and the state, one of its agencies, or one of its officers or employees in an official capacity is not a party to that federal proceeding.[1] There is no distinction made within Rule 5.1 between "facial" and "as applied" constitutional challenges and no other authority addressing the issue. There is also no guidance as to whether or not a county sheriff is a state "officer" as that term is utilized within FRCP 5.1(a)(1)(B).

---

[1] FRCP 5.1.

Plaintiffs therefore give notice to the Attorney General of the State of Michigan that the constitutionality of a state statute has been questioned through their complaint filed August 24, 2016.[2] Broadly speaking, the following constitution questions have been raised:

(1)   Did Defendant(s) violate Plaintiffs' fundamental constitutional right to due process of law by failing to hold property seized pursuant to the Article 7 of Public Health Code (Controlled Substances), MCL 333.7521 *et seq.*, until a final non-appealable judgment was entered?

(2)   Michigan court procedure in forfeiture proceedings brought under Article 7 of Public Health Code (Controlled Substances), MCL 333.7521 *et seq.*, is provided for by the generally applicable Michigan Court Rules of 1985. Those rules authorize the setting of bond as a precondition to granting stay on appeal.[3] As a condition of granting stay on forfeiture of seized property, a bond was set in a prohibitively high amount that Plaintiffs were unable to post. By immediately selling the seized property pending appeal, did Defendant(s) violate Plaintiffs' right to procedural due process?

(3)   Did Defendant(s) violate Plaintiff Gerald S. Ostipow's Eight Amendment right to be free from imposition of excessive fines by imposing, pursuant to an order of forfeiture issued under Article 7 of Public Health Code (Controlled Substances), MCL 333.7521 *et seq.*, what amounted to a fine of at least one hundred thousand dollars for a crime he did not commit?

---

[2] ECF No. 1.

[3] MCL 2.614 and MCL 7.209.

(4)  Any other constitutional questions as to state statutes that are raised in the complaint

or that may arise out of the complaint at a later date.


Dated: 8/29/16

MATTHEW E. GRONDA (P73693)
4855 State Street, Suite 6A
Saginaw, Michigan 48603
Phone: (989) 249-0350
Email: matthewgronda@gmail.com

# LOCAL RULE CERTIFICATION

I, Matthew E. Gronda, certify that this document complies with local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3)."

Dated: 8/29/16

*Matthew E. Gronda*

MATTHEW E. GRONDA (P73693)
4855 State Street, Suite 6A
Saginaw, Michigan 48603
Phone: (989) 249-0350
Email: matthewgronda@gmail.com