UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD S. OSTIPOW, et al.,

    Plaintiffs,                              Case No. 16-13062
                                                  Hon. Mark A. Goldsmith
vs.

WILLIAM L. FEDERSPIEL, et al.,

    Defendants.
_____/

## ORDER
## DENYING PLAINTIFFS' MOTION TO COMPEL DISCOVERY (Dkt. 45)

On March 27, 2017, this Court ordered Defendants, in response to Plaintiffs' interrogatories, to "identify, if known, the individuals at the Prosecutor's Office, or elsewhere, who personally decided to sell, trash, or give away the property" that is the subject of this action. See 3/27/2017 Order at 1 (Dkt. 36). Defendants attempted to comply with this Court's order by providing answers to the interrogatories which stated that "Assistant County Prosecutor, A. George Best II, advised the Sheriff's Department that seized items of property could be sold or otherwise disposed of." See Defs. Am. Answers to Pl. 1st Interrogatories, Ex. 2 to Pl. Mot. to Compel, at 2 (Dkt. 45-3); see also id. at 3, 4, 5 (same).

Plaintiffs objected to Defendants identification of an individual who merely "advised" the Sheriff's Department that it could dispose of Plaintiffs' property; they argue that their interrogatory and this Court's order called for the identity of the decisionmaker(s). See Pl. Mot. to Compel at 7 (Dkt. 45). In response, Defendants state that they acted at the direction of a January 13, 2009 order of the Saginaw County Circuit Court, which provided as follows:

1

> IT IS FURTHER ORDERED that all of the right, title, and interest of the claimants in the above described real and personal property is FORFEITED to the Saginaw County Sheriffs Department and shall be disposed of by said Department as provided by statute, [Mich. Comp. Laws §] 333.7524.

1/13/2009 Saginaw Cnty Order, Ex. A to Defs. Resp., at 3 (cm/ecf page) (Dkt. 47-2).

Based on the representations of defense counsel at a hearing held on August 14, 2017, there may not be any simple answer to the question of who decided to pursue a particular distribution. Defendants appeared to argue that it was their interpretation of the January 13, 2009 order that they lacked the discretion to delay disposing of the property, which, if true, would make a more detailed response to the interrogatories difficult if not impossible. Rather than compel Defendants to answer an interrogatory, the Court concludes that whatever facts may bear on the history associated with the disposition of Plaintiffs' property should be discovered through the scheduled depositions. This may provide a more detailed way to learn about the history, process, and procedures that resulted in Defendants' disposition of the property. For this reason, Plaintiffs' motion is denied.

SO ORDERED.

Dated: August 16, 2017       s/Mark A. Goldsmith
    Detroit, Michigan      MARK A. GOLDSMITH
                             United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 16, 2017.

                             s/Karri Sandusky
                             Case Manager